UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Eastern District of Kentucky
FILED
APR 0 3 2007
At Ashland
LESLIE G. WHITMER
Clerk, U.S. District Court

Civil Action No. 06-77-HRW

RENAE E. SMITH,                                        PLAINTIFF,

v.            **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for childhood disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for childhood disability insurance benefits and supplemental security income benefits on January 29, 2001, alleging disability beginning at birth, due to panic attacks and asthma (Tr. 84). This application was denied initially and on reconsideration. Following a hearing, an

unfavorable decision was issued on January 30, 2003 (Tr. 317-329).

However, that decision was vacated by the Appeals Council.

Pursuant to the Appeals Council's remand, Administrative Law Judge James D. Kemper (hereinafter "ALJ") obtained additional medical evidence. The ALJ also conducted a supplemental hearing on January 7, 2004. Plaintiff waived her right to personally appear at the hearing.[1] Her representative was present. A vocational expert (hereinafter "VE"), testified at the supplemental hearing (Tr. 155-156).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

---

[1] Plaintiff did, however, appear and testify at the first hearing (Tr. 131-150).

2

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On February 25, 2004, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 83-91).

Plaintiff was 22 years old at the time of the hearing decision (Tr. 84). She has a 10th grade education in special education classes (Tr. 84). She has no vocationally relevant past work experience (Tr. 84).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 90).

The ALJ then determined, at Step 2, that Plaintiff suffered from an adjustment disorder as well as a history of social phobia and panic disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 85-86, 90).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 90). In doing so, the ALJ specifically considered listings 12.04, 12.06 and 12.08 (Tr. 86).

3

The ALJ further determined that <u>he/she</u> has the following residual functional capacity ("RFC"):

> "[F]air, defined as limited but satisfactory, ability to: follow work rules, relate to coworkers, deal with the public, interact with supervisors, deal with work stresses, behave in an emotionally stable manner and relate predictably in social situations; and "good", defined as more than satisfactory, ability to: use judgment, function independently, maintain attention / concentration, maintain personal appearance, understand, remember and carry out detailed and complex and simple job instructions.

(Tr. 91).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform jobs existing in significant numbers in the national and regional economies, as identified by the VE (Tr. 90). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on March 3, 2006 (Tr. 7-9).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment

4

[Docket Nos. 11 and 12] and this matter is ripe for decision.

## III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

In support of her appeal, Plaintiff contends that the ALJ did not give proper weight to the psychological evaluation submitted by Cristen Ferguson-Isaac, M.A.

5

and Joseph Wyatt, Ph.D., of Pathways, Inc..

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)(citations omitted).

In this case, the ALJ discounted the findings of Ms. Ferguson-Isaac and Dr. Wyatt. In doing so, the ALJ noted that the record shows only limited treatment at Pathways. The lack of consistent or long term treatment undercuts the credibility of Ms. Ferguson-Issac and Dr. Wyatt's opinions.

Notably, in their assessment, Ms. Ferguson-Isaac and Dr. Wyatt opined that Plaintiff "does possess the capacity of working" (Tr. 289) but her "options may be limited due to her lack of immediate memory, slow processing speed and inability to interact effectively with others" (Tr. 289). Their recommendation was that Plaintiff comply with three to six months of psychotherapy as well as pharmacotherapy to assess if her symptoms could be alleviated (Tr. 289).

6

However, as noted above, the record shows very little treatment at Pathways, Inc.

Contrary to the somewhat vague implications in the aforementioned report, the other credible medical evidence of record reveals that although she suffers from an adjustment disorder, Plaintiff can meet the basic demands of work. For example, Dr. Daniel Freedenburg, a consultative psychiatrist, who reviewed the record on two separate occasions and responded to written interrogatories posed by the ALJ (Tr. 293-299), determined that Plaintiff did not demonstrate debilitating deficiencies in cognitive or communicative functioning. Dr. Freendenburg's opinion is generally consistent with that of Ingram Baldwin, M.A., a psychologist who evaluated Plaintiff in 2001(Tr. 230-234).

Having reviewed the record, the Court finds the ALJ's rationale for discounting the assessment from Pathways, Inc. is supported by substantial evidence. The medical evidence simply does not support a finding of disability.

Plaintiff also maintains that the hypothetical questions posed to the VE in this case were incomplete and, thus, not supported by substantial evidence. The Defendant argues that the hypothetical questions posed complied with this circuit's long-standing rule that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is

7

Case: 0:06-cv-00077-HRW   Doc #: 13   Filed: 04/03/07   Page: 8 of 8 - Page ID#: 77

necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993). In this case, the hypotheticals posed accurately portray the RFC as formulated based upon the objective medical evidence. As such, the Court finds that the ALJ's RFC and findings based upon the VE's testimony are supported by substantial evidence in the record.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This April 3, 2007.



Signed By:
*Henry R Wilhoit Jr.*
**United States District Judge**